

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EARLY GARNER, PRO SE, § <br> TDCJ-CID No. 590842, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Dr. JULITO UY, Dr. MITCHELL JONES, § <br> Warden NFN NUNN, Warden NFN ZELLER, § <br> and § <br> Dr. NFN REVELL, § <br> § <br> Defendants. § | 2:06-CV-0303 |

## REPORT AND RECOMMENDATION

Plaintiff EARLY GARNER, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges, sometime in 2006, he was treated by defendants Dr. UY and Dr. JONES for problems with his legs, feet, and an ankle. Plaintiff says he was given medication which caused him to suffer a light stroke, break out in his face, and "have fluid and holes in [his] faces & body."

By his March 5, 2008 response to the Court's Questionnaire, plaintiff states he is suing defendant Dr. REVELL because he refused plaintiff's request for "medical shoes," saying he couldn't get them for plaintiff. When required to list each act or omission by defendant ZELLER and by defendant NUNN on which he bases his claims of liability against these

defendants, plaintiff's response was "N.A." Plaintiff also says it was defendant UY who prescribed the treatment that caused the adverse effects of which he complains. Plaintiff further says when he showed the sores to medical personnel, they prescribed him pain medication, Darvoset. Nevertheless, plaintiff says he never received treatment or even a diagnosis of what caused his sores. Plaintiff goes on to say defendant UY examined his sores, feet, and legs, and told plaintiff to soak his feet, issuing him a foot tub. Plaintiff says defendant REVELL examined his legs and feet and said he was going to order some pills, but no pills were at the pill window when plaintiff went there. Plaintiff alleges defendant JONES also examined his legs and feet and said he was going to order some pills, but no pills were at the pill window when plaintiff went there.

Plaintiff requests emergency medical treatment at defendants' expense, monetary damages of $5,000,000.00, and attorneys fees.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's allegations show he received treatment in the form of pain medication and a foot bath from defendant UY. Further, defendants JONES and REVELL also examined plaintiff's condition and stated they were going to prescribe medication of some sort. Plaintiff has alleged no fact which shows the failure of that medication to be a the pill window when plaintiff went to pick it up was related to any act or omission of JONES or REVELL. Plaintiff fails to tell the Court what action he took, if any, to determine why the medication was unavailable or whether it was given to him at a later date. Instead, plaintiff's pro se complaint, even when liberally construed, states only claims of negligence against defendants UY, JONES, and REVELL. Section 1983 is not a general tort statute, and mere negligence does not meet the standard for liability under section 1983. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986).

As for plaintiff's complaint that defendant REVELL did not get him "medical shoes," this allegation does not state a claim of deliberate indifference. Plaintiff alleges no fact which indicates "medical shoes" constitutes a serious medical need for him. In fact, he does not allege defendant REVELL felt he needed such shoes.

Plaintiff's claims against defendants UY, JONES, and REVELL are, at most, claims of medical negligence, not deliberate indifference. When considered under section1983, plaintiff's

claims against these defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendants NUNN and ZELLER, the entirety of plaintiff's factual allegations concerning these defendants is plaintiff's statement, "N.A." Plaintiff has utterly failed to state a claim against either or both of defendants NUNN and ZELLER on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims against defendants Dr. JULITO UY, Dr. MITCHELL JONES, and Dr. NFN REVELL filed pursuant to Title 42, United States Code, section 1983, by plaintiff EARLY GARNER be DISMISSED WITH PREJUDICE AS FRIVOLOUS and the Civil Rights Claims against defendants Warden NFN NUNN and Warden NFN ZELLER be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of May 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).